# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BROOMS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 10-0786 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On June 4, 2010, plaintiff Mark Brooms ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 3.]

On December 1, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 15, 16.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, there is

substantial evidence in the record, taken as a whole, to support the decision of the Administrative Law Judge ("ALJ"). Thus, the Court affirms the Commissioner's decision denying benefits.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 47 years old on the date of his most recent administrative hearing, has completed high school. (*See* Administrative Record ("AR") at 22, 47, 48, 133, 165, 539.)

On January 9, 2007, Plaintiff filed for DIB and SSI, alleging that he has been disabled since April 14, 2004 due to a left wrist injury, diabetes, hypertension, neck and back pain, and poor vision. (*See* AR at 64, 71, 133, 138, 154, 159.)

On March 9, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 44-59.) The ALJ continued the hearing due to an incomplete record. (*Id.* at 57-58.)

On April 2, 2009, Plaintiff, represented by counsel, appeared and testified at a second hearing before an ALJ. (*See* AR at 22-43.) The ALJ also heard testimony from Arthur Lorber, M.D. and Samuel Landau, M.D., both medical experts ("ME"), and Troy Scott, a vocational expert ("VE"). (*Id.*; *see also id.* at 11.)

On August 3, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 11-21.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 13.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "type II diabetes mellitus, injury to the left wrist, hypertension, cervical and lumbar degenerative disc disease, and morbid obesity." (AR at 13 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically

equaled the severity of any listing set forth in the Social Security regulations.[1] (AR at 15.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that he can perform light work. (AR at 15.) Specifically, the ALJ found Plaintiff "is able to stand and walk for eight hours and sit for eight hours in an eight hour day; only occasionally work overhead with the right upper extremity; not perform power gripping with the left hand and only frequently grip with the right hand; and only occasionally work above shoulder level." (*Id.* at 15-16 (emphasis omitted).)

The ALJ found, at step four, that Plaintiff lacks the ability to perform his past relevant work. (AR at 19.)

At step five, based on Plaintiff's RFC and the VE's testimony, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including hand packer, packing machine operator, and electronics assembler. (AR at 19-20.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 11, 20.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 132.) The ALJ's decision stands as the final decision of the Commissioner.

/ / /

/ / /

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

# III.
# STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

# IV.
# ISSUE PRESENTED

A single disputed issue is presented here: whether the ALJ properly assessed Plaintiff's credibility. (Joint Stip. at 3-5, 11-13.)

# V.
# DISCUSSION AND ANALYSIS

A. Plaintiff's Credibility

Plaintiff argues that the "ALJ rejected [Plaintiff's] testimony on the ground that [his] condition was so mild as represented on CT scans and MRIs that it should not cause the extent of pain claimed. That is insufficient." (Joint Stip. at 5.)

Plaintiff also contends that the ALJ's rejection of his credibility based on "conservative and routine care" and his daily activities are in error because the ALJ "makes only conclusory statements." (Joint Stip. at 11-12.)

### 1. The ALJ Must Provide "Clear and Convincing" Reasons For Discounting Plaintiff's Credibility

An ALJ can reject a plaintiff's subjective complaint upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ may consider the following factors in weighing a plaintiff's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. (*See generally* AR at 11-21.) Therefore, the ALJ's reasons for rejecting Plaintiff's credibility must rest on clear and convincing reasons. *See Benton*, 331 F.3d at 1040.

### 2. The ALJ Properly Rejected Plaintiff's Subjective Complaints

The Court is persuaded that the ALJ provided clear and convincing reasons for rejecting Plaintiff's credibility. Three reasons guide this determination.

First, the ALJ found that the objective medical evidence does not support Plaintiff's alleged degree of disability. (AR at 16-17 ("findings are indicative that

[Plaintiff's] complaints are not fully substantiated by the objective medical conclusions" and "his allegations of disabling pain are out of proportion with the record").) Plaintiff cannot identify any objective evidence that supports his claims of total disability. (*See generally* Joint Stip. at 3-5, 11-13.) Instead, a review of the record demonstrates that the examining internist found that the "range of motion" of Plaintiff's extremities, neck, and back were "normal." (AR at 348-53.) Similarly, the examining psychiatrist determined that the mental status examination "revealed no evidence of cognitive deficits, perceptual disturbances or delusional disorders." (*Id.* at 362-65.) A lack of objective evidence supporting Plaintiff's symptoms cannot be the sole reason for rejecting Plaintiff's testimony. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001). However, it can be one of several factors used in evaluating the credibility of Plaintiff's subjective complaints. *Id.*

Second, the ALJ properly discounted Plaintiff's complaints regarding the severity of his pain as inconsistent with a conservative treatment plan. (AR at 17 ("The record fails to document that [Plaintiff] has been hospitalized for his impairment other than for his arthroscopy on his left wrist or show that [Plaintiff] has received significant active care other than for conservative routine maintenance.")); *see Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered, as part of credibility evaluation, treating physician's failure to prescribe, and claimant's failure to request, medical treatment commensurate with the "supposedly excruciating" pain alleged, and the "minimal, conservative treatment") (citation omitted); *Parra v. Astrue*, 481 F.3d 853, 750-51 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). Substantial evidence supports this finding. For instance, Plaintiff was prescribed physical therapy for his shoulder pain and tendonitis. (*See* AR at 302-03.)

Further, despite Plaintiff's assertions of debilitating pain, his treating physician noted that he "has not attended one session of therapy and has No-Showed

to 3 consecutive [appointments]." (AR at 302-03) Nor has Plaintiff provided an acceptable reason for not following a prescribed course of treatment. *See Bubion v. Barnhart*, 224 Fed.Appx. 601, 604 (9th Cir. 2007) (ALJ properly discounted plaintiff's credibility based on failure to follow prescribed treatment of physical therapy and plaintiff did not provide an acceptable reason for not following prescribed course of treatment); *see also* 20 C.F.R. § 404.1530(c) (acceptable reasons for failing to follow a prescribed course of treatment, *i.e.*, "specific medical treatment is contrary to the established teaching and tenets of your religion").

Third, the ALJ properly discounted Plaintiff's subjective complaints as inconsistent with his reported activities of daily living. (AR at 17 (ALJ found that Plaintiff "has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The overall evidence suggests that [Plaintiff] has the ability to care for himself and maintain his home[, and] the performance of [his] daily activities as described is not inconsistent with the performance of many basic work activities.")); *see Thomas*, 278 F.3d at 958-59 (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony).

Here, although Plaintiff testified that he has "pain in [his] feet," hands, "problems with [his] knees and hips . . . , lower back[, and] upper neck," (AR at 50-51), Plaintiff reported to the examining psychiatrist that he "helps out with household chores and does shopping," "enjoys spending time in his garage, and working in his back yard" and "helps to care for his four children." (*Id.* at 365; *see also id.* at 180-81 (Plaintiff's daily activities questionnaire indicating that he is able to shop for groceries, walk half a mile to the store and back, and carry laundry), 313 (treatment note from Loma Linda Veterans Medical Center ("VAMC"), dated November 3, 2006, indicating that Plaintiff "describes himself as highly intelligent

7

(172 IQ) and one who invents[, and] states 'I like to do things with my hands[,' however he] feels that he can not concentrate on functional activities currently due to stress and diabetes"), 363 (Plaintiff reporting that he "does some household chores and errands[,] works in a garage, and works in the back yard[, and] relaxes by walking and watching television"), 485 (VAMC treatment note, dated October 31, 2007, indicating "Patient states that he walks for exercise").)[3/]

Thus, the ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective complaints of pain.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: April 26, 2011   _____
　　　　　　　　　　　　　　　　　　　Hon. Jay C. Gandhi
　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3/] Plaintiff argues that the "fact that [he] is able to carry on some daily activities does not detract from [his] credibility." (*See* Joint Stip. at 12-13.) The Court does not agree. The Court finds that Plaintiff's domestic activities are a sufficient basis on which to find him not credible. The Court will not "engage in second-guessing" as substantial evidence supports the ALJ's findings. *Thomas*, 278 F.3d at 959.

8